# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LACY TUBBY,                        )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Case No. CIV-09-135-FHS
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social             )
Security Administration,           )
                                   )
            Defendant.             )

## REPORT AND RECOMMENDATION

Plaintiff Lacy Tubby (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 25, 1978 and was 29 years old at the time of the ALJ's decision. Claimant completed her education through the eighth grade. She obtained her GED. Claimant worked in the past as a waitress, cashier, clerk/cashier, press operator,

and cracker packer. Claimant alleges an inability to work beginning November 22, 2005 due to back and leg problems, depression, anxiety, shortness of breath, and drug abuse.

## Procedural History

On March 3, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On March 25, 2008, an administrative hearing was held before ALJ Gene M. Kelly in Tulsa, Oklahoma. On October 10, 2008, the ALJ issued an unfavorable decision on Claimant's application. On February 11, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work with restrictions.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) improperly

rejecting the opinion of a treating physician; (2) arriving at an improper RFC; and (3) posing an inaccurate hypothetical question to the vocational expert utilized in this case.

**Treating Physician's Opinion**

Claimant contends the ALJ improperly rejected the opinion of her treating physician, Dr. William Willis. Dr. Willis completed a Physical Residual Functional Capacity Evaluation form on Claimant on March 6, 2008. He determined Claimant could sit for 20 minutes, stand for 10 minutes and walk for 10 minutes at one time. He further found Claimant could sit for one hour, stand for 30 minutes, and walk for one hour during an 8 hour workday. Dr. Willis opined Claimant could occasionally lift up to 10 pounds, carry up to 10 pounds and rarely carry up to 20 pounds, and occasionally push/pull and reach with his upper extremities. He found claimant to be limited in the use of his lower extremities. He determined Claimant could never squat, climb ladders, and climb inclines. His primary diagnosis for Claimant as his treating physician was herniated discs at L5-S1, L4-5 with surgery occurring in May of 2002.

In regard to Claimant's pain level, Dr. Willis found he had moderate, severe and rarely intractable and/or control resistant severity. The frequency of the pain is described as chronic and

continuous. Analgesics help with the pain but do not control it. As a result, Claimant's pain is reasonably expected to impair his concentration and memory and stress intolerance. The pain also interferes with his ability to interact with others, maintain regular attendance, function independently, behave in an emotionally stable manner, maintain an acceptable working pace without an unreasonable number or length or rest periods, and complete a normal workday or week without interruptions from pain. Dr. Willis also states that Claimant's condition would interfere with sustained work activity. He writes that Claimant has complied with all treatment plans but is still unable to perform low impact functions because of the chronic pain. (Tr. 335-39).

The ALJ concluded Claimant suffered from the severe impairments of problems with back and left leg, depression, anxiety, shortness of breath, and drug abuse. (Tr. 17). He found Claimant retained the RFC to perform light and sedentary work with the restrictions of standing/walking for four ours out of an eight hour workday, 30 minutes at a time; sit for six hours out of an eight hour workday, 30 minutes at a time; necessity to change positions from time to time; limited climbing; occasionally bend, stoop, crouch, crawl, and kneel; slightly limited in pushing/pulling - operating foot controls and reaching to the left;

6

avoid dust fumes and gases; avoid rough and uneven surfaces, unprotected heights, fast and dangerous machinery, and extreme could and damp environments; limited to simple, repetitive and routine work; slight limitation with contact with the public, co-workers, and supervisors. (Tr. 21).

With regard to Dr. Willis' medical source statement, the ALJ determined it was "given very little weight because it is not consistent with the records as a whole." (Tr. 22). He further found that Dr. Willis' opinion was based in part upon Claimant's "very subjective complaints," concluding Claimant "frequently exaggerates her pain complaints" which "causes troubling inconsistencies in the record and must cast a cloud of uncertainty and lack of reliability upon all opinions based upon those subjective complaints." (Tr. 22-23).

No challenge to Dr. Willis' characterization as a treating physician is lodged. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent

with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers

the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ states the opinions expressed in Dr. Willis' medical source statement are inconsistent with other evidence in the record. This Court is at a loss as to the inconsistency to which the ALJ refers. Certainly, Claimant's testimony is consistent with Dr. Willis' evaluation. None of the other physicians offered opinions as to whether Claimant could perform the functions stated in Dr. Willis' statement. Without sufficiently explaining the inconsistencies to which he generically refers, the ALJ has not provided "sufficiently specific" reasons for rejecting Dr. Willis' opinions to enable a meaningful review of the ALJ's findings. Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004)(citation omitted).

Additionally, the ALJ contends Dr. Willis' opinion cannot be relied upon because it is based upon Claimant's subjective complaints, which the ALJ characterized as "exaggerated." Nothing in the medical source statement at issue indicates it is based upon Claimant's subjective complaints rather than Dr. Willis'

professional assessment as Claimant's treating physician. The ALJ has drawn impermissible speculative inferences from the statement in choosing to reject the treating physician's opinion. Id. at 1121. Moreover, the ALJ did not provide sufficient explanation for giving Dr. Willis' opinion no weight rather than reduced weight. On remand, the ALJ shall provide detailed inconsistencies in the record should he choose to outright reject Dr. Willis' opinion and an analysis of the weight given the opinion, including any reduction from controlling weight normally afforded the opinions of treating physicians.

### RFC Evaluation

Since this Court has determined the ALJ inappropriately rejected Dr. Willis' opinion without foundation, the RFC assessment performed by the ALJ must be re-evaluated on remand as well.

### Hypothetical Question Posed to the Vocational Expert

Again, Claimant contends the ALJ failed to include the limitations provided by Dr. Willis in his questioning of the vocational expert in this case. Since the ALJ must reassess whether Dr. Willis' opinion should be rejected or given reduced weight and provide further explanation for his position, he should also reconsider the limitations provided in questioning to the vocational expert.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of August, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE